LAW OFFICES OF DAVID S. MALLARD
P.O. Box 156
Terrell, Texas 75160
Local (972) 563-3308
Metro (972) 226-3340
Fax   (972) 563-2014

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| Christopher M. Adams | * | |
| | * | CASE NO.08-36118 bdh 7 |
| AMANDA GONZALES | * | CHAPTER 7 |
| | * | |
| VS. | * | COMPLAINT TO DETERMINE |
| | * | |
| CHRISTOPHER M. ADAMS | * | DISCHARGEABILITY  09-3053 |

COMBINED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
COMPLAINT TO DETERMINE DISCHARGABILITY UNDER
SECTION 523(a) OF THE BANKRUPTCY CODE

The Court hereby makes and enters the following combined findings of fact and conclusions of law in this case:

1. This court has exclusive jurisdiction over this proceeding under 28 U.S.C. Sec.1471(a).

2. Defendant is the debtor in this Chapter 7 case. Plaintiff is a creditor of defendant.

3. Defendant has been or seeks to be discharged herein under section 727 of the Bankruptcy Code.

4. This is an adversary proceeding to determine the dischargeability of a debt.

5. On April 5, 2006, defendant began an orchestrated scheme to obtain money and property, and thereafter continued in the conduct of such orchestrated scheme by:
    a. False pretenses, false representations, actual fraud, and/or fraud in the inducement and/or
    b. Used a statement in writing that was materially false, respecting his financial condition, on which Plaintiff relied and that the defendant caused to be published with intent to deceive plaintiff;
    and defendant thereby began and thereafter continued with his scheme and thereby committed:

    c. Fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

  6. Such conduct and scheme was by use of a statement in writing respecting the sale of real property subject to a debt, and defendant's promise therein to pay off the first lien debt to The American National Bank of Texas as plaintiff paid payments to defendant and to provide clear title to Plaintiff when plaintiff had received all amounts due from defendant, and defendant reasonably relied on the aforesaid statement in writing.

  7. On or about April 5, 2006, Plaintiff Amanda Gonzales and Edward R. Cunningham entered in to an executory contract with Defendant for the purchase, sale and conveyance of real property to be used as Plaintiffs' residence (herein called the "Contract" or the "Agreement"), such property being a certain tract of land, together with improvements, commonly known as 508 Greenwood Street, Terrell, Texas 75160 with a legal description of Lot 17, Block 400, Virginia Heights Addition to the City of Terrell, Kaufman County, Texas (hereinafter called the "Property"). After payment of all amounts due, the right to title to the real property and the rights of Edward R. Cunningham under law and under the Contract where assigned to Amanda Gonzales. References to "Plaintiff" hereinafter include Plaintiff Amanda Gonzales individually and her acting in behalf of the rights of Edward R. Cunningham with have been assigned to her. Plaintiff (and Edward R. Cunningham) agreed to pay Defendant a purchase price of $30,000.00 for the Property, of which Plaintiff paid $3,000.00 down in cash and agreed to pay the remaining $27,000.00 plus interest over the course of 10 years with interest at the rate of 15% per annum. Plaintiffs paid all payments and amounts due under the Contract for the purchase of the Property, and thereafter demanded delivery of the deed and title to the Property by letter dated March 12, 2008. After Plaintiffs had paid the full purchase price, Plaintiffs learned that Defendant had not paid off a mortgage/deed of trust lien on the Property to The American National Bank of Texas(ANB). Defendant has failed and refused to pay off the debt and lien against the Property, to obtain release of the prior lien or to convey clear title to the Property to Plaintiff Amanda Gonzales as demanded.

8. In connection with the Contract and the failure to deliver title to the Property to Plaintiff as demanded, Defendant has failed to comply with the Texas Property Code in the following particulars:
  A. Defendant failed to provide Plaintiff with the warning and disclosure notice required by Tex. Prop. Code $5.069.
  B. Defendant failed to provide Plaintiff with the tax payment and insurance disclosure notice required by

        Tex. Prop. Code §5.070.
- C. Defendant failed to provide Plaintiff with the financing terms disclosure notice required by Tex. Prop. Code §5.071.
- D. Defendant failed to provide Plaintiff with notice required by Tex. Prop. Code §5.072(d).
- E. Defendant failed to provide Plaintiff with the right to cancel notice required by Tex. Prop. Code §5.074.
- F. Defendant failed to record the contract as required by Tex. Prop. Code §5.076.
- G. Defendant failed to provide Plaintiff an annual accounting statement on or before January 15, 2007 and also on January 15, 2008, each as required by Tex. Prop. Code §5.077.
- H. Defendant failed to provide Plaintiff with the title transfer to the Property within thirty (30) days after Defendant received Plaintiff's last payment under the Contract as required by Tex. Prop. Code §5.079.
- I. Defendant failed to maintain fee simple title to the Property as required by Tex. Prop. Code §5.085(a).
- J. Defendant failed to maintain fee simple title to the Property as required by Tex. Prop. Code §5.085(b).
- K. Defendant failed to provide Plaintiff with the complete prior lien notice and information required by Tex. Prop. Code §5.085.

9. Defendant's actions and failures to act were false, misleading and unconscionable and were done intentionally to the damage and harm of Plaintiff.

10. As a result of the actions and inactions of Defendant, as alleged herein including the breach of Contract by Defendant, Plaintiff has been damaged as herein stated and is entitled to recover of Defendant in the amount of the balance due on the debt to ANB, for the cost of obtaining the transfer of good and indefeasible title to the Property by Plaintiff by General Warranty Deed, for attorneys fees and costs incurred in attempting to force and effect such transfer including this proceeding, and further as follows:

    a. As a result of Defendant's violation of section 5.077 of the Texas Property Code, Plaintiff is entitled to recover from Defendant liquidated damages in the amount of $250 per day from the date the first report was due, or the maximum amount of $30,000.00 under subsection (d) or $200.00 total (one for each report not given) under subsection (c) depending upon Defendant's circumstances plus, under either section, reasonable attorney's fees.

    b. As a result of Defendant's violation section 5.085, Plaintiff has been forced to sue to obtain execution of fee simple title, and is damaged at this time by the amount of the first and superior claim to the title to Plaintiff's Property in

the amount of $26,000.00 (owned by The American National Bank of Texas herein called "ANB"), plus all amounts due to ANB and all costs of effecting payoff of said amount due and release of all liens against the Property and transfer of good title to Plaintiff.

   c. As a result of Defendant's failure to effect a title transfer of the Property to Plaintiff within thirty (30) days after Defendant received Plaintiff's last payment (March 15, 2008) as required by Tex. Prop. Code §5.079, Plaintiff is entitled to recover of Defendant, in addition to Plaintiff's other damages and rights to recover against Defendant, the sum of $250.00 per day for each day from the 31st day after payoff of the Contract debt ( said 31st day being April 15, 2008) to the 90th day after payoff (July 14, 2008) for a total of $22,500.00, plus $500.00 per day thereafter until the fee simple title to the Property is transferred to Plaintiff by Defendant, being a total of $60,000.00 additional for July 15, 2008 through November 11, 2008 being total damages due under Section 5.079 of $82,500.00 through November 11, 2008, plus $500.00 per day for each day after November 11, 2008 until fee simple title is transferred to Plaintiff, plus recovery of Plaintiff's attorneys fees and costs.

  11. The debt of $106,500.00 owed by defendant to plaintiff is nondischargeable under section 523(a)(2)(A), 523(a)(2)(B), and/or section 523(a)(4) of the Bankruptcy Code. By agreement of the parties, the debt is reduced to the sum of $40,000.00 as of the date hereof plus interest at the rate of ten per cent (10%) per annum on the judgment.

  12. Plaintiff should have judgment of Defendant in the sum of $40,000.00 plus interest at the rate of ten per cent (10%) per annum on the judgment.

Dated _May 8_, 2009.

               _____
               Presiding Judge

Agreed to as to form and content:

_Amanda Gonzales_         _Christopher M. Adams_
Amanda Gonzales          Christopher M. Adams

Agreed to as to form:

_David S. Mallard, Attorney for Plaintiff_    _Jacques Jean LeMarier, Attorney for Defendant_